By the Court.—Speir, J.
The action is brought by the plaintiff to recover, of the defendants, the value of certain wheat alleged to have been purchased of one Carlos Cobb for defendants, by plaintiff, as their broker, and for which Cobb had recovered certain judgments against plaintiff, and the costs of defending the action, on the alleged ground that he had failed to disclose to Cobb the defendants as his principals. The judgments were recovered against the plaintiff, although the defendants in this action were the principals in the transaction, and the plaintiff a mere broker and surety, under allegations and proof that plaintiff failed to disclose his, principals.
The answer sets up a number of defenses, among them a release executed by Cobb for a valuable consideration to the defendant Simon, whereby he was released from all demands arising out of the transaction set forth in the complaint. It also sets up the *230 statute of limitations. The other defendants were not served, and are not in the action.
The case presents only questions of law to be determined by the court. At the close of the case, there were no questions of fact- to be considered by the jury. The non-payment of the price of the wheat was admitted by the defendant. Cobb recovered of Knapp because, in purchasing the wheat of him, he failed to state the fact that he was acting as a broker merely, and dealt with Cobb as principal. The plaintiff's right to recover here does not depend upon the recovery of judgment in Cobb against Knapp. It depends upon the terms and conditions of the purchase and sale of the wheat made by Knapp, the plaintiff, on October 23, 1868. This action was commenced on April 1, 1878, about ten years after the cause of action accrued. The case clearly comes within the statute. Besides, we are of the opinion that the release executed by Cobb to Simon was an absolute bar to any recovery by the plaintiff in this action against Simon.
Carlos Cobb had a suit pending against the defendants, C. A. Steen & Co., for this same wheat. The plaintiff, wishing to settle this suit, went with the defendant Simon to Cobb’s office, where it was settled, and a release, under the act of 1838, for the relief of partners and joint debtors, was executed and delivered by Cobb to Simon, upon his paying thirty-three and one-third cents on the dollar, of Cobb’s claim. The firm of C. A. Steen & Go. was dissolved in October; 1868. The release was executed a year after the dissolution, and for it Simon paid his full ratable portion of the partnership debt, and interest. The other defendants of the firm, who are not in this suit, do not appear to be in any way connected with the plaintiff’s liability to Cobb, which entitles them to any consideration in determining the rights of the parties in this action. The liability was personal to the plaintiff ; the settle *231 ment of Cobb’s suit against C. A. Steen & Go. was procured at the instance of the plaintiff, and the release then executed to the defendant Simon is a bar to this action.
The judgment should be affirmed, with costs.